# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30279
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANDRA PARKMAN THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-101-4

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sandra Parkman Thompson appeals her convictions under 18 U.S.C. § 1347 for committing health care fraud, and under 18 U.S.C. § 371 for conspiring to offer and receive kickbacks in violation of 42 U.S.C. § 1320a-7b(b). She was convicted of the offenses as a result of her participation in a scheme by which Young Anyanwu, the owner of Lobdale Medical Services, LLC (Lobdale) charged Medicare for durable medical equipment that beneficiaries

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

either received but did not need or did not receive.  Anyanwu paid Thompson on commission to recruit individuals to receive the equipment.  Thompson would acquire the names of potential beneficiaries, use false information about those beneficiaries to obtain prescriptions and orders for medical equipment from Dr. Anthony Jase, and deliver those documents to Lobdale to be filled.  As a rule, Jase neither met nor examined the individuals who received equipment.

Thompson argues that the district court erred and abused its discretion by instructing the jury on deliberate indifference.  However, deliberate indifference instructions, like the one used in Thompson's case, which mirror the Fifth Circuit Pattern Jury instruction, meet the standard set forth by the Supreme Court in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011).  *See United States v. Brooks*, 681 F.3d 678, 702-03 (5th Cir. 2012), *cert. denied* 133 S. Ct. 836, and *cert. denied* 133 S. Ct. 837, and *cert. denied* 133 S. Ct. 839 (2013).  Moreover, the instruction was warranted because Thompson claimed a lack of guilty knowledge, and the evidence supported inferences that Thompson was subjectively aware of a high probability of the existence of the illegal conduct and purposely contrived to avoid learning of the illegal conduct. *See Brooks*, 681 F.3d at 701.  Specifically, Thompson obtained prescriptions for Lobdale under highly irregular circumstances, signed an employment contract that concealed her commission-based pay arrangement with Lobdale, made no apparent attempt to question Lobdale's documentation process or payment procedures, and lied when asked about the nature of her employment agreement.

Finally, Thompson argues that the evidence was insufficient to support her convictions.  Because Thompson moved for acquittal, our review is de novo. *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).  We will affirm her convictions if "viewing all the evidence in the light most favorable to the

verdict and drawing all reasonable inferences from the evidence in support of the verdict, a rational trier of fact could have found that the evidence establishe[d] the essential elements of the offense[s] beyond a reasonable doubt." *Id.* A rational jury could have found, based on the facts in the record, in particular those highlighted in this opinion, that the evidence was sufficient to find that Thompson aided and abetted Anyanwu in committing health care fraud and conspired with Anyanwu to offer and receive kickbacks in violation of § 1320a-7b(b).

AFFIRMED.